**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

| | | |
|---|---|---|
| KARMO TAMANG, | ) | |
| | ) | JURY TRIAL REQUESTED |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KALPANA MEHRA, | ) | |
| Serve: 1293 Tweed Ct. | ) | |
| Vienna, VA 22182 | ) | |
| | ) | |
| VANDANA NANDWANG | ) | |
| Serve: 12998 Azalea Woods Way | ) | |
| Herndon, VA 20171 | ) | |
| *Defendants.* | ) | |
| | ) | |

## <u>COMPLAINT</u>

### Preliminary Statement

Plaintiff Karmo Tamang is a domestic worker from Nepal, who, for more than 10 years was abused by her household employers, who preyed upon Plaintiff's unfamiliarity with the United States and inability to speak English, treating Plaintiff as an indentured servant.  The claims in this civil action against Plaintiff's former employers, Defendants Kalpana Mehra and Vandana Nandwang, arise from Defendants' failure to pay minimum wages as required by the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et. seq.* ("FLSA") and for breach of the employment contract entered between Plaintiff and Defendants.  Plaintiff seeks the amount of unpaid minimum wage compensation, an equal amount as liquidated damages, reasonable counsel fees, and costs of this action pursuant to Section 216(b) of the Fair Labor Standards Act of 1938, and unpaid promised wages pursuant to Plaintiff's breach of contract claim.

**Parties and Jurisdiction**

1.      Plaintiff Karmo Tamang is an adult resident of New York City, NY. Plaintiff worked as a domestic housekeeper and caretaker for Defendant Mehra at Defendant's residence in Vienna, Virginia and for Defendant Nandwang at Defendant's residence in Herndon, Virginia

2.      Defendant Kalpana Mehra is a Virginia resident, residing at 1293 Tweed Ct., Vienna, VA  22182.  At all times relevant to this action, Defendant employed Plaintiff as a domestic housekeeper and caretaker.  Defendant Mehra is the sister of Defendant Nandwang.

3.      Defendant Vandana Nandwang is a Virginia resident, residing at 12998 Azalea Woods Way, Herndon, VA  20171.  At all times relevant to this action, Defendant employed Plaintiff as a domestic housekeeper and caretaker. Defendant Nandwang is the sister of Defendant Mehra.

4.      Plaintiff's claims arise from Defendants' failure to pay minimum and overtime wages as required by the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et. seq.* ("FLSA") and for breach of the employment contract entered between Plaintiff and Defendants.

5.      The Court has subject matter jurisdiction over the FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. The court has subject matter jurisdiction over the state law breach of contract claim because it is so closely related to the federal law claims as to form part of the same case or controversy. *See* 28 U.S.C. § 1367(a).

6.      Because Defendants are domiciled in, and do business in, Virginia, the Court has personal jurisdiction over Defendants.

7.     Venue is proper in the Alexandria Division of the Eastern District of Virginia because the events or omissions giving rise to Plaintiffs' claims occurred in Vienna, Virginia and Herndon, Virginia. *See* U.S.C. § 1391(b)(2).

## FACTS

8.     Plaintiff is a citizen of Nepal who was employed by the Defendants to work for them in the United States as a live-in domestic worker at their homes in Vienna, Virginia and Herndon, Virginia.

9.     Plaintiff was brought to the United States to work as a domestic worker for the Defendants under a special provision of immigration law that permits foreign employees of international organizations to petition a domestic worker to come to the United States to work for them in their private residence.

10.     Defendants' written promises to Plaintiff included, *inter alia*, the following:

   a.  Plaintiff would be paid at the minimum rate of $12.00 per hour.

   b.  Plaintiff would be provided a minimum of 35 hours of paid hours per week.

   c.  Plaintiff would be provided a minimum of at least one full day off each week.

   d.  Plaintiff would be given 5 paid holidays per year, 5 paid vacation days per year and 5 paid sick days per year.

   e.  The Employer must abide by all U.S. state and local laws relating to employment.

11.     Plaintiff relied on the promises set out above in making her decision to work for Defendant.

12.     Plaintiff was employed by the Defendants from on or about November 21, 2003 through April 26, 2014.

13.     During Plaintiff's employment by Defendants, Plaintiff typically worked an average of 16 to 20 hours per day.

14.     Plaintiff worked every day of the week.  Given these hours, Plaintiff worked on average of 112 to 115 hours per work week.

15.     During the course of her employment, Defendants failed to pay Plaintiff in accordance with her contract, instead only periodically (and irregularly) paying small amounts of money to Plaintiff after Plaintiff begged to be paid.  Over the course of her entire employment with Defendants, Plaintiff was paid less than $5,000 for over ten years' worth of work.  Even if Plaintiff had only been working sixty hours per week at minimum wage during that time, such payment should have exceeded $150,000.00.

16.      During Plaintiff's employment by Defendants, Plaintiff's duties included preparing meals for Defendants' family and guests, cleaning the family's home, washing the family's dishes and clothes and caring for the Defendants' children.

17.     During the course of Plaintiff's employment by the Defendants, the Defendants were threatening and abusive to Plaintiff.  Defendant Mehra would scream at Plaintiff, warning her that if she refused to work the long hours asked of her, she would be punished.  During the course of her employment she was denied adequate food by Defendants and not allowed to visit the doctor.

18.     In April 2014, Plaintiff was rescued from Defendants by staff from Adhikaar, a non-profit organization dedicated to helping Nepali immigrants in the United States and CASA de Maryland, a non-profit organization assisting low wage workers in the Maryland area.

19.     During the time relevant to this action, Defendants were the "employer" of Plaintiff and Plaintiff was the employee of Defendants, as defined by the FLSA, in that, *inter*

*alia*, Defendants supervised Plaintiff's work, held or implemented the power to hire and fire Plaintiff, set Plaintiff's terms and conditions of employment, was subjectively contemplated by all parties to be Plaintiff's employer, and received the benefit of Plaintiff's labor.

20.     At all times relevant to this action, Defendant failed to pay Plaintiff the minimum wage for each hour that she worked and failed to pay the wage agreed to by contract for each hour that she worked.

21.     Defendant's failure and refusal to pay Plaintiff's earned wages is not the result of a bona fide dispute.

22.     Plaintiff performed her work in a professional and timely manner.

## COUNT I

## FAIR LABOR STANDARDS ACT CLAIMS

23.     Plaintiff reincorporates the allegations contained in paragraphs 1 through 22 as though fully set out herein.

24.     At all times relevant to this action:

    a.     Plaintiff was Defendants' "employee" within the meaning of 29 U.S.C. § 203(e);

    b.     Defendants were Plaintiff's "employer" within the meaning of 29 U.S.C. § 203(d);

    c.     Defendants "employed" Plaintiff within the meaning of 29 U.S.C. § 203(g);

    d.     Defendants were required to pay Plaintiff at least the federal minimum wage for each hour she worked.

25.     As set forth above, Defendant repeatedly failed to pay Plaintiff the minimum wage for each hour she worked, and is thus liable to Plaintiff for damages.

**COUNT II**
**BREACH OF CONTRACT**

26.     Plaintiff reincorporates the allegations contained in paragraphs 1 through 22 as though fully set out herein.

27.     Defendant offered, and Plaintiff accepted, a contract for employment in the United States at a wage rate of $12.00 per hour.

28.     The wage rate was a material term of the contract

29.     Plaintiff advanced consideration for the promises set out in the employment contract in that she left her work and family in Nepal and traveled to the United States.

30.     The Defendant breached this contract in that, inter alia, she did not compensate Plaintiff at a wage rate of $12.00 per hour for each hour worked.

31.     Plaintiff suffered and continues to suffer economic damages due to Defendant's breach.

32.     Such damages were foreseeable as a result of a breach at the time the parties entered into the employment contract.

**RELIEF REQUESTED**

Wherefore, Plaintiff respectfully requests that the Court provide the following relief:

1.     Award Plaintiff her actual damages under FLSA in the amount of all unpaid minimum wages as set forth above, against Defendant, in an amount to be proved at trial;

2.     Award Plaintiff an additional amount of liquidated damages equal to her actual damages, pursuant to 29 U.S.C. § 216(b), against Defendant;

3.      Award Plaintiff her costs and reasonable attorney's fees, as provided by 29 U.S.C.

§ 216(b), against Defendant;

4.      Award Plaintiff her contract damages under Virginia law, in an amount to be

proved at trial, against Defendant, as well as prejudgment interest of six percent from the date of

breach; and

5.      Grant any other relief the Court deems just and proper.

Plaintiff demands trial by jury.

Date:  March 29, 2017


Respectfully submitted,


By: /s/ Christine Dinan
Christine Dinan (VSB No. 84556)
Matthew K. Handley (motion for admission *pro hac vice* forthcoming)
**WASHINGTON LAWYERS' COMMITTEE FOR
CIVIL RIGHTS AND URBAN AFFAIRS**
11 Dupont Circle N.W., Suite 400
Washington, D.C. 20036
Telephone:  (202) 319-1000
Facsimile:  (202) 319-1010
Christine_dinan@washlaw.org

*Counsel for Plaintiff*