**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| **KARMO TAMANG,** | ) | |
| *Plaintiff* | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:17cv370 (GBL/MSN)** |
| | ) | |
| **KALPANA MEHRA, et al.** | ) | |
| *Defendant* | ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF
<u>MOTION TO DISMISS UNDER Fed. R. Civ. P. 12(b)(6)</u>**

Come now Defendants Kalpana Mehra and Vandana Nandwani, by counsel, and submit the following Memorandum in Support of Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. ("Rule") 12(b)(6):

**INTRODUCTION**

On the face of the Complaint, this case is a Fair Labor Standards Act (FLSA) and state law breach of contract matter arising from the employment of Plaintiff as a household employee by Defendants at points over the last decade and a half and ending almost exactly three years before the filing of this matter.  Plaintiff alleges her pay did not meet the minimum wage or the amount contracted for.

Although in-home domestic workers are deservedly the subject of societal concern and attention because there are significant opportunities for abuse, that is not the case in the present matter.  Should this matter go to trial, the evidence would show careful adherence to law and submission to external oversight of the employment relationships.  However, for purposes of this motion, even taking the allegations as they are set out in the Complaint, the two Counts in the Complaint should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure as they do not state a claim on which relief can be granted.

1

**ARGUMENT**

**I. Standard of Review**

To survive a motion to dismiss for failure to state a claim, a complaint must provide more than a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). The complaint's factual allegations "must be enough to raise a right of relief above the speculative level." *Id.* at 555. These factual allegations must "plausibly give rise to an entitlement of relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). This plausibility standard requires "factual content" that leads reasonably to the inference that the defendant is liable and "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (*quoting Twombly*, 550 U.S. at 556-57). A plaintiff must therefore account for "more likely" or "obvious alternative explanations" for the conduct alleged. *Id.* at 681-82. In considering a motion to dismiss, the Court takes as true the well-pleaded allegations of the complaint but "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F. 3d 175, 180 (4th Cir. 2000). Accordingly, a complaint must contain "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

**II. Counts I and II Do Not State on Their Faces Facts on Which Relief Could be Granted**

    **A.**    **Count I is Entirely or Nearly Entirely Barred by the Statute of Limitations, and Any Part Remaining is Too Indefinite**

The facts set out in the Complaint run back more than fourteen years, the earliest being 2003, and in many instances are alleged as spanning the aggregate or majority of this time. *See* Compl. ¶¶ 13, 14, 17, 20.  The statute of limitations for a claim under FLSA is two years, three

years if the violation is willful.  29 U.S.C. § 255(a).  Plaintiff has not pled willfulness, so the applicable statute of limitations would be two years on the face of Count I.

Even assuming *arguendo* the three year limitation to be applicable, Plaintiff filed her Complaint on March 29, 2017, and states in ¶ 12 that the final day of her employment by either defendant was April 26, 2014 – at best a claim for exactly four weeks of wages.  Given the recentness and short duration of this portion of the total facts alleged, it is not unreasonable for Plaintiff to be able to at least approximate *for that time period* which Defendant she claims she worked for, how many hours she believes she worked and how much she was paid during that time period, rather than make vague generalizations about an entire eleven year employment history.  *See Hall v. DIRECTV, LLC*, 846 F.3d 757, 777 (4th Cir 2017) (in the context of an overtime claim, Plaintiff must allege sufficient facts to support a reasonable inference that he or she worked more than 40 hours in at least one workweek and failed to receive overtime compensation for *those* hours).

The need for the pleadings to be limited to those times not outside the statute of limitations works to clarify the claim in both directions.  While Defendants can show sufficient payments regularly made to Plaintiff for the hours worked by Plaintiff if this matter proceeds to trial, Plaintiff claims to have been paid "less than $5,000" in the aggregate between both Defendants.  Payment of even only this $5,000 is in fact more than the amount required under the minimum wage and overtime laws for the four weeks in question, whether at the estimated 60 hours per week set out in ¶ 15 of the Complaint or at the 115 hours alleged as the high end of Plaintiff's "average" weekly range of hours, over the entire eleven years, alleged in ¶¶ 13-14 of the Complaint.[1]  While Plaintiff more than likely did not mean to allege that these $5,000 were in

---

[1] Even counting both defendants as a single employer and starting time and a half at forty aggregate hours in a week rather than at forty hours for that defendant.

payment of the final four weeks of her employment, the lack of specificity as to dates of violations, as described in *Hall*, does leave this as an inference of the Complaint as pled.

Because the Complaint on its face does not present a claim for weeks not time-barred, Plaintiff has failed to allege facts that plausibly entitle her to relief against either defendant under the Fair Labor Standards Act, and this Count should be dismissed under Rule 12(b)(6).  Further, because of the severity and scandalousness of the allegations against the Defendants during the time barred periods, if this Count is not dismissed under Rule 12(b)(6), the surplusage relating to acts for which recovery is barred by the statute of limitations should nonetheless be struck under Rule 12(f).

**B.** **Claim I is Insufficiently Pled Because No Distinction is Made Between Defendants.**

A claim for failure to pay minimum wage, as has been brought in Count I of the Complaint, requires that the Plaintiff allege facts plausibly giving rise to a finding that the Plaintiff was an employee of a defendant engaged in interstate commerce within a particular workweek, and that defendant failed to pay wages of at least $7.25 per hour during that week.[2] 29 U.S.C. § 206(a); *see also Jones v. Casey Gen. Stores*, 528 F.Supp.2d 1094, 1102 (D. Iowa 2008), *Landers v. Quality Communs. Inc.*, 771 F.3d 638, 644-45 (9th Cir. 2014), substitute op. 2015 U.S. App. LEXIS 1290, at *17 (9th Cir. Jan. 26, 2015) (modified on other grounds).

Count I of the Complaint alleges that "Defendants were Plaintiff's Employer" for purposes of the FLSA.  ¶ 24(b).  For this legal conclusion to be true, this Court would have to find a joint employment to be present.  Such a joint employment, however, is contrary to the facts set out by Plaintiff herself.

---

[2] This rate applies to the period in 2014 not time barred if a three year statute of limitations were to apply, although different rates have applied at different times since the earliest facts alleged in the Complaint.

Joint employment requires a finding that two or more parties "shared, agreed to allocate responsibility for, or otherwise codetermined the key terms and conditions of the Plaintiff's work," and if so whether the combined influence renders the worker an employee and not an independent contractor.  *Hall*, 846 F.3d at 767.  The Fourth Circuit Court of Appeals has identified a non-exhaustive six-factor test for putative joint employment: (1) whether the employers jointly determine, share, or allocate the ability to control the worker, (2) whether the employers jointly hire or fire or modify the terms of the worker's employment, (3) the degree of permanency of the relationship between the employers, (4) whether one employer controls or is under common control with the other, (5) whether the work is performed in premises owned by the other employer, and (6) whether the employers jointly allocate employment responsibilities such as payroll or providing work materials.  *Id.* at 769-70.

Plaintiff has pled in this matter that the two defendants maintain separate houses some miles apart in Vienna, Virginia and Herndon, Virginia respectively.  Compl. ¶¶ 2-3, 7.  Plaintiff has alleged that she entered the United States under a visa program applicable only to a single employer.[3]  Plaintiff has pled that she was a live-in domestic worker caring for, *inter alia*, those residences and the children residing there.  Compl. ¶ 16.  Of the elements in the six factor *Hall* test, Plaintiff only touches on the permanency of the relationship, in stating the Defendants to be sisters.  ¶ 2-3.  It is unreasonable to assume that one defendant would, even if visiting the other, exert control over Plaintiff's employment in the other's home.  Nothing in the Complaint would lead to an inference that the two defendants were engaged as an organization, shared decisionmaking, set employment terms for the other, agreed to have Plaintiff perform work for

---

[3] As described in ¶ 9 of the Complaint, this would a Visa under 8 U.S.C. § 1101(a)(15)(G)(v), which is titled a G-5 Visa pursuant to 8 C.F.R. 214.1.

one on the premises of the other, or otherwise should be treated as a single employer.[4]  No facts set forth a scheme of overlapping control of Plaintiff's work or how she believes the separate defendants are nonetheless a single employer.

Even as there are no facts supporting an allegation of joint employment, there are also insufficient facts to set out what claim Plaintiff is making against each Defendant.  Plaintiff does not allege what dates she worked for each Defendant or even how much Plaintiff claims to have worked for each Defendant, whether in periods not time barred or otherwise.  In fact, ¶ 25 avers that "Defendant (sic) repeatedly failed to pay Plaintiff the minimum wage…" without indicating which Defendant was responsible for making those payments at any given time in question.  As *Jones* required that a Plaintiff identify for each Plaintiff at least the approximate hours for which a minimum wage claim was brought, *see* 538 F. Supp. 2d 1094, 1113, so the Plaintiff here should at least identify for each Defendant the approximate weeks, hours, and basis of the obligation for those weeks and hours to be charged against them.

Further, Plaintiff has implied that lodging, food, and medical care were a part of the employment arrangements.  Compl. ¶¶ 8, 17, 18.  As there is a credit to an Employer for the reasonable value of lodging, food, and facilities under the FLSA if these were provided by the employer at that time, the identity of the alleged employer at a particular time is more than just a question of adequately alleging liability, it gets at the nature of a party's defenses and what facts, witnesses, and documents should be gathered to support that defense and be prepared to provide in the initial disclosures or discovery.  *See* 29 U.S.C. 203(m).

---

[4] For a discussion of whether the alleged written promises can be construed as creating a joint employment contract, see § II.C., *infra*.

Without facts supporting a claim of joint employment, Plaintiff has failed to allege facts that plausibly entitle her to relief against either defendant individually for breach of a contract, and this Count should be dismissed under Rule 12(b)(6).

### C.    Count II Does Not Plead a Complete Contract

Count II of the Complaint claims breach of contract as a Virginia state law claim under this Court's supplemental jurisdiction.  Plaintiff alleges the contract to have been for payment of $12.00 per hour worked.  Compl. ¶ 27.  Plaintiff further implies without directly stating that there were one or more written promises by one or more Defendant which would constitute the other terms of that contract.  Compl. ¶ 10.

Defendants do not argue that the written contract itself is required to be attached to the Complaint.  *See Koken v. Aon Risk Svcs.*, 2006 U.S. Dist LEXIS 2649 at *8 (E. D. Va. Jan 13, 2006) (decided before *Twombly*).  However, the written contract should be described in sufficient detail that if a Defendant produces that document, the Court is able to identify it as such and consider it as a part of the pleadings for, *inter alia*, a motion under Rule 12(b)(6).  *Id.* The description of the promises as alleged does not rise to the level of a probable right to relief.

In Virginia the statute of limitations for a written contract is five years, making Plaintiff's claim cover about 25 months of employment, while an unwritten contract or implied contract has a three year statute of limitations, or only allowing a claim covering four weeks of employment between the date three years before filing and the final day of employment as alleged by Plaintiff.  Va. Code § 8.01-246(2), (4).  Plaintiff has alleged written promises and reliance (implied contract), Compl. ¶¶ 10-11, and an express contract, Compl. ¶ 27, without stating whether that contract is written or oral.

To constitute an enforceable contract in Virginia, an agreement must, *inter alia*, by certain and complete, that is, it must contain all material terms and be sufficiently definite that the intent of the parties can be reasonably ascertained. *Smith v. Farrell*, 199 Va. 121, 127-28, 98 S.E.2d 3, 7 (1957). Regardless of whether express or implied, written or oral, the contract in this matter as alleged is missing at least one material term – the parties to the contract and who was obligated to make payment under the contract.

Plaintiff's failure to differentiate between the actions of each Defendant creates even greater difficulties in Count II than Count I. Throughout this Count, Plaintiff refers to a single 'Defendant' who entered and breached a contract and caused damage to Plaintiff without ever specifying which Defendant Plaintiff is claiming to have done these acts and to be liable to Plaintiff.

Further, Plaintiff has failed to allege when each of the separate promises was made, the dates during which each of the terms set out were to operate, which Defendant made such promise, whether the other Defendant had some opportunity to know of or ratify such promise so as to govern her own behavior, or if not made at the same time whether these or other terms modify, succeed, or terminate any such promises. If Plaintiff is alleging that both Defendants entered an agreement or agreements with Plaintiff, further material terms not alleged by Plaintiff would include the division of duties, authority, and obligations for payment.

Because these terms are missing, Plaintiff has failed to allege facts that plausibly entitle her to relief against either defendant individually for breach of a contract, and this Count should be dismissed under Rule 12(b)(6).

## CONCLUSION

Because Count I and Count II lack required details as to the distinctions between Defendants, contain surplus material outside the statute of limitations that cloud and confuse consideration of the redressable claim, if any, and otherwise fail to allege a minimum of facts showing Plaintiff to be plausibly entitled to relief, this Court should dismiss both Counts and the Complaint as a whole under Rule 12(b)(6).

WHEREFORE, Defendants Kalpana Mehra and Vandana Nandwani ask for the following relief:

1. That Count I be dismissed for failure to state a cause of action.

2. That Count II be dismissed for failure to state a cause of action.

3. That in the alternative if Count I is dismissed Count II be dismissed as supplemental jurisdiction under 28 U.S.C. § 1367(a) over a state law claim no longer exists.

4. That in the alternative the Complaint be struck under Rule 12(f) and re-pled to include only those time periods not subject to the applicable statutes of limitations.

Respectfully submitted,
Kalpana Mehra
Vandana Nandwani
By Counsel

_____/s/_____
Christopher M. Day
Virginia State Bar No. 39490
*Attorney for Kalpana Mehra and Vandana Nandwani*
Juris Day, PLLC
10521 Judicial Drive, Suite 200
Fairfax, Virginia 22030
Phone: 703.268.5600
Facsimile: 703.268.5602
cmday@jurisday.com

Jonathan A. Nelson
Virginia State Bar No. 75247
*Attorney for Kalpana Mehra and Vandana Nandwani*
Juris Day, PLLC
10521 Judicial Drive, Suite 200
Fairfax, Virginia 22030
Phone: 703.268.5600
Facsimile: 703.268.5602
jnelson@jurisday.com

## Certificate of Service

I hereby certify that on this 24th day of June, 2017, I will electronically file the foregoing with the Clerk of Court using the Court's CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Christine Dinan, VSB # 84556
Matthew K. Handley, Esq., Pro Hac Vice
*Attorneys for Karmo Tamang*
Washington Lawyers' Committee for
Civil Rights and Urban Affairs
11 Dupont Circle N.W., Suite 400
Washington, DC 20036
Christine_dinan@washlaw.org

_____/s/_____
Christopher M. Day
Virginia State Bar No. 39490
*Attorney for Kalpana Mehra and Vandana Nandwani*
Juris Day, PLLC
10521 Judicial Drive, Suite 200
Fairfax, Virginia 22030
Phone: 703.268.5600
Facsimile: 703.268.5602
cmday@jurisday.com

Jonathan A. Nelson
Virginia State Bar No. 75247
*Attorney for Kalpana Mehra and Vandana Nandwani*
Juris Day, PLLC
10521 Judicial Drive, Suite 200
Fairfax, Virginia 22030

Phone: 703.268.5600
Facsimile: 703.268.5602
jnelson@jurisday.com