IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **KAMARO TAMANG,** ) | |
| *Plaintiff* ) | |
| ) | |
| v. ) | Case No. 1:17cv370 (GBL/MSN) |
| ) | |
| **KALPANA MEHRA, et al.** ) | |
| *Defendant* ) | |

**DEFENDANTS'MEMORANDUM IN SUPPORT OF**
**MOTION TO DISMISS UNDER Fed. R. Civ. P. 12(b)(6)**

Pursuant to Fed.R.Civ.P. 12(b)(6), Defendants Kalpana Mehra and Vandana Nandwani submit the following Memorandum in Support of Defendants' Motion to Dismiss:

**INTRODUCTION**

The Amended Complaint alleges violations of the federal Trafficking Victims Protection Reauthorization Act (TVPRA), 18 U.S.C. § 1589 *et seq.*, the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 *et seq.*, and a state law breach of contract arising from the Defendants' employment of Plaintiff as a domestic worker at various times from 2003 through 2014. Plaintiff alleges her pay did not meet the minimum wage or the amount contracted for. She also alleges that her employment ended almost exactly three years before she filed this suit.[1]

However, because her claims are time-barred, and fail to provide the basic allegations required to make out the causes of action Plaintiff claims under TVPRA, FLSA, and breach of contract, Plaintiff's claims should be dismissed in whole or in part under Rule 12(b)(6) for failing to state a claim on which relief can be granted.

---

[1] The Complaint also makes a number of inflammatory and disparaging assertions about the Defendants, assertions that are not directly related to Plaintiff's legal claims. Defendants deny these allegations.

# ARGUMENT

## I. Standard of Review

In considering a motion to dismiss for failure to state a claim, the Court takes as true the well-pleaded allegations of the complaint but "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern ShoreMkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). A complaint must provide more than a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). The complaint's factual allegations "must be enough to raise a right of relief above the speculative level." *Id.* at 555. These factual allegations must "plausibly give rise to an entitlement of relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). This plausibility standard requires "factual content" that leads reasonably to the inference that the defendant is liable and "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (*quoting Twombly*, 550 U.S. at 556-57). A plaintiff must therefore account for "more likely" or "obvious alternative explanations" for the conduct alleged. *Id.* at 681-82. Accordingly, a complaint must contain "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

## II. Counts I, II, and III Do Not State Facts on Which Relief Could be Granted

### A.   All Counts are Entirely or in Significant part Barred by Statutes of Limitations.

The Complaint recites allegations running back fourteen years, with the earliest being November 2003. Plaintiff alleges her employment with Defendant Mehra to have begun on November 21, 2003 and with Defendant Nandwani on or about September 21, 2004. Am.

Compl. ¶¶ 9, 16.  Many of the claimed wrongful deeds are either not given an approximate date or simply stated to have occurred "frequently".  *See* Am. Compl. ¶¶ 17, 21, 23, 28-29.

Plaintiff alleges the violation of 18 U.S.C. § 1581 *et seq.* to have occurred by the latest at the time she began employment with each Defendant.  *See* Am. Compl. ¶¶ 18, 19, 59.  At that time, in 2003 and 2004, the statute of limitations in 18 U.S.C. § 1595 was four years; this was later amended to a 10 year limitation on December 23, 2008.  Pub. L. 110–457.  This amendment would have occurred more than four years after the alleged cause of action accrued as against either defendant.  The TVPRA's current statute of limitations is 10 years from the time the cause of action arose.  18 U.S.C. § 1595.  The present action was filed without the TVPRA claim on March 29, 2017 and the TVPRA claim on July 17, 2017.  Thus not only has the current statute of limitations run, but the statute of limitations was expired at the time of the amendment of the statute as well, absent any tolling.

The FLSA's statute of limitations is two years, or three years if the violation is willful.  29 U.S.C. § 255(a).  An FLSA cause of action is potentially a repeated one, but not a continuing one, which arises and accrues at the end of each workday in which a violation of the statute takes place.  *See Henchy v. City of Absecon*, 148 F. Supp. 2d 435, 438 (D.N.J. 2001).  Plaintiff has, at most, stated an FLSA claim for *four weeks of wages*.  She filed her Complaint on March 29, 2017, meaning that any claims for willful violation of the FLSA would extend back in time only to March 29, 2014.  Complaint ¶ 12 avers that the final day of her employment by either defendant was April 26, 2014 – meaning exactly four weeks of wages would not be time-barred.

In Virginia the statute of limitations for a written contract is five years from the time of breach.  Va. Code § 8.01-246(2).  Plaintiff has alleged at least four sequential written contracts, three or more between Plaintiff and Defendant Mehra in 2003, 2007, and 2010 and one between

3

Plaintiff and Defendant Nandwani in May 2013.  Am. Compl. ¶¶ 10-13.  The terms of these contracts are mutually exclusive, such as rates of pay per hour worked, such that performance under one contract necessarily stopped when performance under the subsequent contract began.  See *id*.  Plaintiff alleges that breaches occurred immediately upon beginning performance.  Am. Compl. ¶ 14.  Accordingly, all three (or more) contracts with Defendant Mehra are time-barred.

Plaintiff claims the application of equitable tolling to the present matters.  Am. Compl. ¶ 47.  Equitable tolling is a doctrine applicable to federal statutes. *Henchy*, 148 F. Supp at 438.  It is rarely available, and only where a Plaintiff has exercised due diligence in preserving her rights and wrongful conduct on the part of the Defendant prevented her asserting her claims. *Cruz v. Maypa*, 773 F.3d 138, 145 (4th Cir. 2014).  In the present matter, the federal claims could have been brought at any time after Plaintiff's self-described "rescue."  Plaintiff describes this operation having been undertaken by members of two nonprofit organizations attending a conference on exactly the rights the Plaintiff is asserting, and who clearly would have been advising Plaintiff from that time. *See* Am. Compl. ¶¶ 36-39.  But rather than take action to assert claims at or near that time, Plaintiff delayed three years until the eve of the expiration of all possible claims under the FLSA. Where Plaintiff is asking for this extraordinary equitable remedy, it is appropriate to apply laches in this instance, particularly where the statute of limitations would normally inform an employer as to the time frames for retaining documents on hours worked and other elements needed for defense of the present federal claims.

Further, Plaintiff describes several breaks in her employment involving a number of trips overseas, including to her family home in Nepal.  This includes notably a lengthy return in 2012-2013 during which time she did not have a visa to return to the United States.  Am. Compl. ¶¶

32-33.[2]  Even taking the allegations of the Complaint at their worst, at any of these times Plaintiff could have asserted her claims free from any prevention by a Defendant.

Virginia has a similar statute which tolls the statute of limitations during such time as a Defendant is using some direct or indirect means to obstruct the filing of an action.  Va. Code § 8.01-229(D).  The case law applying this statute finds it to apply where there are affirmative misrepresentations that prevent proper filing or omissions of affirmative duties within the context of a court proceeding.  *See*, *e.g.*, *Newman v. Walker*, 270 Va. 291, 293 (2005) (providing false identity for an accident report), *Hicks v. Dir., Dep't of Corr.*, 289 Va. 288, 297-98 (2015) (failing to disclose exculpatory evidence).   Because Plaintiff claims injury under a series of contracts, each should be taken separately, and particularly given the lengthy absence in 2012-2013, no such prevention should be found, even taking the allegations of the Amended Complaint as true.

      **B.**    **Count II is Insufficiently Pled because no Detail is Given as to the Hours at Issue.**

A claim for failure to pay minimum wage requires the Plaintiff to allege facts plausibly giving rise to a finding that the Plaintiff was an employee of a defendant engaged in interstate commerce within a particular workweek, and that the defendant failed to pay wages of at least the then-minimum statutory rate during that week.  29 U.S.C. § 206(a); *see also Jones v. Casey Gen. Stores*, 528 F.Supp.2d 1094, 1102 (D. Iowa 2008); *Landers v. Quality Communs. Inc.*, 2015 U.S. App. LEXIS 1290, at *17 (9th Cir. Jan. 26, 2015).

Plaintiff alleges an average work week of 112-115 hours over the 11 year period her Amended Complaint covers.  Am. Compl. ¶ 19.  Given the recentness and short duration of the

---

[2] See also Am. Compl. ¶¶ 9-13, which indicates that although Plaintiff was in the United States on a G5 Visa pursuant to her agreements with Defendant Mehra until as late as 2012, such a visa would not have been available thereafter when the agreement was with Defendant Nandwani, thus necessitating the application to the U.S. Embassy in May 2013.

potential period of liability, it is not unreasonable for Plaintiff to be able to at least approximate for her final four weeks how many hours she believes she worked and how much she was paid during that time period, rather than make vague generalizations about the entire eleven-year employment history.  *See Hall v. DIRECTV, LLC*, 846 F.3d 757, 777 (4th Cir. 2017) (in the context of an overtime claim, Plaintiff must allege sufficient facts to support a reasonable inference that she worked more than 40 hours in at least one workweek and failed to receive overtime compensation for *those* hours).

Because the Complaint on its face does not present a claim for the four weeks not time-barred, Plaintiff has failed to allege facts that plausibly entitle her to relief under the FLSA against either defendant, and this Count should be dismissed.

### C. Count I is Insufficiently Pled Because No Facts are Alleged Showing a Prohibited Means of Forced Labor

Pursuant to 18 U.S.C. 1589(a), liability under TVPRA requires that a person be obtained, for labor services, by certain prohibited means that include physical force, threatened abuse of process, or a plan intended to cause a person to believe that they would suffer serious harm or physical restraint. Those prohibited means must present a harm "sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing labor or services in order to avoid incurring that harm."  *U.S. v. Dann*, 652 F.3d 1160,1169 (9th Cir. 2011).  Specificity as to the acts of the Defendants in violating this statute are critical in apprising a Defendant of Plaintiff's case against her.  *See U.S. v. Peterson*, 544 F. Supp. 2d 1363, 1375 (D. Ga. 2008) (insufficient indictment under the same statute).

Plaintiff does not set out in Count I itself which acts of Defendants and prohibited means of compulsion she believes to have been used by Defendants to secure her services, and her

Amended Complaint as a whole does not contain facts supporting such an assertion. Plaintiff alleges only a lack of access to funds or transportation, Am. Compl. ¶ 25, her own fears that she would not be paid or her sister harmed, ¶¶ 26-27, 33, that Defendants were "threatening and abusive" to her by allegedly requiring long hours and denying food and medical care, ¶ 28, that the Defendants' mother (who is not a party or an alleged employer of Plaintiff) would yell at Plaintiff and make threats about Plaintiff's immigration status, ¶ 29, and that Defendant Nandwani allegedly said Plaintiff could only leave if she repaid the cost of her Green Card, ¶ 30, without any indication of any actual threat associated with that statement. Although she alleges her Permanent Resident Card to have been withheld from her, she was, even in her own words, clearly aware of its unsecured location and had ready access to it. Am. Compl. ¶ 37.

Plaintiff does allege herself to have been born in poverty, with limited access to educational opportunities as a child, nearly illiterate, and having little knowledge of English. Am. Compl. ¶ 8, 38. However, to allow a claim to go forward only on those allegations, or even with those allegations as significant factors, would be to open up anyone who would provide employment to the most needy, underprivileged, and unemployable to the risk that would be held against them, an end the statute surely did not have in mind.

### D. Count III Does Not Set Forth Plaintiff's Claims Against Each Defendant.

Count III of the Amended Complaint is a Virginia breach of contract claim under the Court's supplemental jurisdiction. Plaintiff alleges the contract to have been for payment per hour worked. Compl. ¶ 65. Plaintiff has directly alleged at least 4 contracts, however, none signed by both Defendants. Am. Compl. ¶ 10-13. Plaintiff, however, claims in this Count a single breach of "this contract," and jointly charges both Defendants with this single breach.

Am. Compl. ¶ 69. This implied unified contract to which both Defendants are a party is inconsistent with Plaintiff's own factual allegations, and should be dismissed.

### III. Alternatively, the Out of Time and Irrelevant Portions of the Amended Complaint Should Be Struck

In the alternative, this Court should strike from the Amended Complaint pursuant to Rule 12(f) the portions of the Complaint outside the statute of limitations, as detailed above, and paragraphs 48-53. A motion to strike a portion of a pleading is appropriate for language that would confuse the issues and would not, under the facts alleged, constitute a valid cause of action or defense. *See Waste Mgmt. Holdings v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001). Here, both elements are present, with a lengthy history not limited to the causes of action not time barred and a surplus description of human trafficking worldwide, which do not contain any allegations specific to these Defendants, but rather unfairly seek to lump them in enforcement efforts against traffickers generally without contributing to the question of whether these defendants in particular did in fact engage in such trafficking.

WHEREFORE, Defendants Kalpana Mehra and Vandana Nandwani ask for the following relief:

1. That Counts I, II, and III be dismissed for failure to state a cause of action.
2. Inthe alternative, if Counts I and II are dismissed, that Count III be dismissed because supplemental jurisdiction under 28 U.S.C. § 1367(a) over a state law claim no longer exists.
3. In the alternative, that the Complaint be struck under Rule 12(f) and ordered to be re-pled to include only allegations within time periods not subject to the applicable statutes of limitations and without the surplussage in ¶¶ 48-53.

Respectfully submitted,
Kalpana Mehra
Vandana Nandwani
By Counsel

_____/s/_____
Christopher M. Day VSB #39490
cmday@jurisday.com
Jonathan A. Nelson VSB # 7524775247
jnelson@jurisday.com
Juris Day, PLLC
10521Judicial Drive, Suite 200
Fairfax, Virginia 22030
Phone: 703.268.5600
Facsimile: 703.268.5602
*Attorney for Kalpana Mehra and Vandana Nandwani*

## Certificate of Service

I hereby certify that on this 31st day of July, 2017, I will electronically file the foregoing with the Clerk of Court using the Court's CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Christine Dinan, VSB # 84556
Matthew K. Handley, Esq., Pro Hac Vice
*Attorneys for KarmoTamang*
Washington Lawyers' Committee for
Civil Rights and Urban Affairs
11 Dupont Circle N.W., Suite 400
Washington, DC 20036
Christine_dinan@washlaw.org

_____/s/_____
Christopher M. Day
Virginia State Bar No. 39490
*Attorney for Kalpana Mehra and Vandana Nandwani*
Juris Day, PLLC

9

10521 Judicial Drive, Suite 200
Fairfax, Virginia 22030
Phone: 703.268.5600
Facsimile: 703.268.5602
cmday@jurisday.com

Jonathan A. Nelson
Virginia State Bar No. 75247
*Attorney for Kalpana Mehra and Vandana Nandwani*
Juris Day, PLLC
10521 Judicial Drive, Suite 200
Fairfax, Virginia22030
Phone: 703.268.5600
Facsimile: 703.268.5602
jnelson@jurisday.com

10