IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| KAMARO TAMANG, ) | |
|      *Plaintiff*    ) | |
|                     ) | |
| v.                  ) | Case No. 1:17cv370 (LMB/MSN) |
|                     ) | |
| KALPANA MEHRA, et al. ) | |
|      *Defendant*    ) | |

### DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants Kalpana Mehra and Vandana Nandwani submit the following Memorandum in Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss:

### INTRODUCTION

Defendants have moved to dismiss the Amended Complaint, in whole or in part. The Amended Complaint contains counts pursuant to the federal Trafficking Victims Protection Reauthorization Act (TVPRA), 18 U.S.C. § 1589 *et seq.*, the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 *et seq.*, and a state law breach of contract arising from the Defendants' employment of Plaintiff.

### RESPONSE TO STATEMENT OF FACTS

Plaintiff raises in her Response brief extensive facts about rates of pay and hours worked which are disputed by Defendants but not directly germane to the issues in this Motion. In her brief, however, Plaintiff has re-written the facts as alleged in her Amended Complaint, particularly where dealing with the most critical part of her TVPRA claim, that detailing what prohibited means Defendants are alleged to have used to keep Plaintiff in a condition of forced labor.

For instance, although the Response Brief makes it sound as though Defendants threatened immigration consequences and never seeing Plaintiff's family in Nepal again, Resp. Br. at 4, the Amended Complaint identifies such statements, ¶29, coming from Defendants' mother, who is not a party to either this action or any employment of Plaintiff.  The Response Brief states Plaintiff was forced to work for Defendants in India while there, Resp. Br. at 4, but the Amended Complaint simply states that she provided domestic worker duties, Am. Compl. ¶ 21.

## ARGUMENT

**I.  Count I Is Time Barred Where Plaintiff has Alleged One Ongoing Violation.**

Plaintiff's Response brief alleges that some acts contributing to a violation of TVPRA occurred after the employment began and within ten years of the filing of the present suit, and therefore the claim should not be barred by the statute of limitations.

This argument ignores the Fourth Circuit case law regarding the time the statute of limitations begins to run – when the completed violation has first occurred.  *Cruz v. Maypa*, 773 F.3d 138, 143-45 (4th Cir. 2014) ("…more than four years after Cruz first arrived in the United States").  Plaintiff states that she arrived in the United States in November 2003, Am. Compl. ¶ 16, and that alleged violations of her employment conditions occurred "throughout" her employment.  Am. Compl. ¶ 14, 22, 31.  Counsel for Defendants is unaware of any authority, nor did Plaintiff cite to any authority, for a proposition that a TVPRA claim is treated as a repeated claim, as would be a cause of action under the FLSA, rather than a continuing claim.  For the reasons stated in Plaintiff's initial brief, this claim lapsed before the amendment of the statute from four years to ten years, and in any event more than ten years has passed since 2003.  Accordingly, Count I should be dismissed as time barred.

**II. Count I Further Fails to Set Forth a Prohibited Means of Forced Labor.**

Although Plaintiff cites to an unpublished opinion from the Eastern District of New York for the proposition that employment and living conditions can provide support for a jury's conclusion that labor was forced, that is a question of weight of evidence, not sufficiency of a Complaint. *Shukla v. Sharma*, No. 07-cv-2972, 2012 U.S. Dist. LEXIS 18392, at *6. (E.D.N.Y. Feb. 14, 2012) (deciding a Rule 50 Motion for Judgment as a Matter of Law). Further, in that case testimony of actual violations was still present and cited by the Court, including threats of deportation and threats of arrest by the Employer's "friends" who were judges and police. *Id.* at *9. The other case law cited by Plaintiff similarly contained threats by the Defendant of arrest, deportation, or physical harm. *See Baxla v. Chaudri*, 225 F. Supp. 3d 588, 591 (E.D. Va. 2016) ("after Ms. Baxla's visa expired in 2007, Defendants' warnings about the possibility of arrest or deportation increased in frequency"), *Lagasan v. Al-Ghasel*, 92 F. Supp. 3d 445, 453 (E.D. Va. 2014) (default judgment granted on allegations of physical threats, confiscated travel documents, and fraudulently obtaining a visa).

Plaintiff does not set out facts which would plausibly give rise to an entitlement to relief. Even taking Plaintiff's allegations fully at face value, the only alleged threat of legal or immigration consequences came from a third party. Am. Compl. ¶ 29. Plaintiff does not allege, except in her Response Brief, that Defendants did anything to cause Plaintiff to believe she would not receive any sums in her bank account if she ceased working. *See* Am. Compl. ¶¶ 22, 33. Plaintiff does not allege that Defendants did anything to cause Plaintiff to believe would or could come to Plaintiff's sister if she ceased working. *See* Am. Compl. ¶¶ 26.

Although Plaintiff appears to allege as a legal conclusion that Defendant Nandwani confiscated her permanent resident card, this is a secondary violation that must be in the course

of another violation of TVPRA.  18 U.S.C. § 1590.  Further, the facts as alleged by Plaintiff do not plausibly lead to a conclusion that this document was confiscated – the document was shown to Plaintiff, its location made known to Plaintiff, and Plaintiff had ready and easy access to it which neither defendant did anything to prevent or impede.  Am. Compl. ¶¶ 34, 37.  Accordingly, Count I should be dismissed as not setting forth facts that plausibly give rise to an entitlement to relief.

### III.  Count II Is Nearly Entirely Time Barred.

Plaintiff does not appear to dispute that all but four weeks[1] of her FLSA claim are time barred, absent the application of equitable tolling.  *See* Resp. Br. at 9.  Thus, while Defendants do not request dismissal of the FLSA claim in its entirety under the statute of limitations, it is appropriate for the claim to be dismissed as to those parts outside those four weeks.

### IV.  Count II Does Not Contain Allegations as to the Specific Weeks Not Time Barred.

The Amended Complaint contains allegations for the FLSA claim as to pay and hours as a whole, but none specific to the four weeks at issue.  Without going back over previously briefed matters, unless equitable tolling applies this is simply an allegation of generally insufficient pay over the course of the entirety of the employment relationships rather than an indication that a violation occurred at some point during *those* four weeks.

### V.  Count III Is Brought More than Five Years after the Alleged Breach of Contract.

Count III of the Amended Complaint states, "Defendant offered, and Plaintiff accepted, a contract for employment in the United States at a stated wage rate per hour and at stated other terms described herein."  Am. Compl. ¶ 65.  In every succeeding paragraph in this Count that discusses any contract, Plaintiff refers to "the contract."  See Am. Compl. ¶¶ 66-71.  Plaintiff

---

[1] Those four weeks being from March 29, 2014 to April 26, 2014.

4

does not state in this count which Defendant this refers to, nor at any point in this Count state that there is more than one contract. Plaintiff alleges breach of the contract to have occurred immediately. Am. Compl. ¶ 14. As with the TVPRA claim, the statute begins to run upon the breach of the contract where the breach is ongoing: "while some injury or damage, however slight, is required for a [contract] cause of action to accrue, it is immaterial that all the damages resulting from the injury do not occur at the time of the injury." *Hensel Philips Constr. Co. v. Thompson Masonry Contr., Inc.*, 791 S.E. 2d 734, 740 (Va. 2016). Accordingly, on the face of the Amended Complaint, the breach would have occurred in November 2003, and the statute of limitations run in November 2008. *See* Va. Code § 8.01-246(2).

Attempting to repair the language of the Amended Complaint, Plaintiff in her Response Brief refers to the four contracts set out in the factual section of the Amended Complaint ¶¶ 10-13. In doing so, however, she admits that claims under two of those contracts are outside the five year statute of limitations, and even if this Court were to find such contracts to be separately referred to by this Count, the claims under the other two contracts should be dismissed, and the matter re-pled, as the claim is against both defendants jointly when the contracts were signed separately by only one defendant each. Am. Compl. ¶¶ 11-12, Resp. Br. at 10.

**V. Equitable Tolling Is Not Appropriate On the Face of the Amended Complaint.**

While Plaintiff is correct that the statute of limitations is an affirmative defense that need not be negative in the complaint, Plaintiff relies on the facts of the Amended Complaint for the application of equitable tolling, and denial of equitable tolling and dismissal of the accordingly time barred claims would be appropriate on that basis. The wrongful conduct by the Defendants Plaintiff alleges to justify equitable tolling is identical to that identified as the wrongful means of acquiring her labor, discussed in Section II, *supra*: threats by a non-party regarding immigration

status, Am Compl. ¶ 28, retention of her Permanent Resident Card by Defendant Nandwani, Am. Compl. ¶ 37, and the alleged withholding of wages, Am. Compl. ¶¶ 22-23.  Even leaving aside the question of whether Plaintiff exercised diligence in pursuing her claims, these allegations even if established would not amount to Defendants individually or jointly preventing Plaintiff from asserting her claims, especially given the lengthy periods Plaintiff was away from Defendants.  *See Cruz v. Maypa*, 773 F.3d 138, 145 (4th Cir. 2014).  The same reasoning applies to the Virginia statutory tolling for the state law claim.

WHEREFORE, Defendants Kalpana Mehra and Vandana Nandwani ask for the following relief:

1. That Counts I, II, and III be dismissed for failure to state a cause of action.
2. Inthe alternative, if Counts I and II are dismissed, that Count III be dismissed because supplemental jurisdiction under 28 U.S.C. § 1367(a) over a state law claim no longer exists.
3. In the alternative, that the Complaint be struck under Rule 12(f) and ordered to be re-pled to include only allegations within time periods not subject to the applicable statutes of limitations and without the surplussage in ¶¶ 48-53.

                                                      Respectfully submitted,
                                                      Kalpana Mehra
                                                      Vandana Nandwani
                                                      By Counsel

_____/s/_____
Christopher M. Day VSB #39490
cmday@jurisday.com
Jonathan A. Nelson VSB # 7524775247
jnelson@jurisday.com
Juris Day, PLLC
10521Judicial Drive, Suite 200
Fairfax, Virginia 22030
Phone: 703.268.5600
Facsimile: 703.268.5602
*Attorney for Kalpana Mehra and Vandana Nandwani*

### Certificate of Service

I hereby certify that on this 21st day of August, 2017, I will electronically file the foregoing with the Clerk of Court using the Court's CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Maryam Hatcher (VSB No. 84252)
*Attorney for Karmo Tamang*
Beveridge & Diamond, P.C.
1350 I Street N.W., Suite 700
Washington, D.C. 20005
Telephone: (202) 789-6064
Facsimile: (202) 789-6190
mhatcher@bdlaw.com

Christine Dinan, VSB # 84556
Matthew K. Handley, Esq., Pro Hac Vice
*Attorneys for Karmo Tamang*
Washington Lawyers' Committee for
Civil Rights and Urban Affairs
11 Dupont Circle N.W., Suite 400
Washington, DC 20036
Christine_dinan@washlaw.org

                                                      _____/s/_____
                                                      Christopher M. Day
                                                      Virginia State Bar No. 39490
                                                      cmday@jurisday.com
                                                      Jonathan A. Nelson
                                                      Virginia State Bar No. 75247

                jnelson@jurisday.com
                *Attorneys for Kalpana Mehra and Vandana Nandwani*
                Juris Day, PLLC
                10521 Judicial Drive, Suite 200
                Fairfax, Virginia 22030
                Phone: 703.268.5600
                Facsimile: 703.268.5602