### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### ALEXANDRIA DIVISION

| | | |
|---|---|---|
| **KARMO TAMANG,** | ) | |
| *Plaintiff* | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:17cv370 (GBL/MSN)** |
| | ) | |
| **KALPANA MEHRA, et al.** | ) | |
| *Defendant* | ) | |

### DEFENDANT NANDWANI'S ANSWER TO AMENDED COMPLAINT

Comes now Defendant Vandana Nandwani, by counsel, and hereby answers the Amended Complaint as follows.

### Preliminary Statement

Consistent with the detailed admissions and denials herein, to the extent required the Introduction is denied.  This matter does stem from the employment of Plaintiff Karmo Tamang by Defendants Kalpana Mehra and Vandana Nandwani as a housekeeper, but great care was taken to comply with the law, and Plaintiff does not have a claim against Defendant Nandwani.

### Parties and Jurisdiction

1.      Admitted

2.      Denied that Defendant Mehra employed Plaintiff at all times relevant to this action.  Denied that Defendant Mehra employed Plaintiff as a caretaker.  Otherwise admitted on information and belief.

3.      Denied that Defendant Nandwani employed Plaintiff as a caretaker.  Otherwise admitted.

4.      This Paragraph sets forth a statement of law which does not require a response. To the extent necessary, denied.

5.      Admitted.  Defendant reserves the right to move for dismissal of the related state law claim if the federal claims are dismissed.

6.      Admitted that this Court has personal jurisdiction over Defendants.  Otherwise denied.

7.      Admitted that this Court is the appropriate venue for this action.  Otherwise denied.

## Facts

8.      On information and belief, admitted.

9.      Admitted that Plaintiff did work for Defendant Nandwani's family in India before working for Defendant Mehra as a domestic worker in the United States in November 2003. Admitted that on information and belief Plaintiff's authorization to work in the United States could be and was obtained because Defendant Mehra was a foreign employee of an international organization.  Defendant Nandwani is otherwise without information to admit or deny, therefore denied.

10.     The document speaks for itself.  Admitted to the extent not contrary to the document.

11.     The document speaks for itself.  Admitted to the extent not contrary to the document.

12.     The document speaks for itself.  Defendant Nandwani believes the date given to be approximately correct but is without information to admit or deny the exact date of the agreement, therefore denied.  Admitted to the extent not contrary to the document.

13.     There was more than one such nonoverlapping agreement during that time frame, but otherwise admitted.

14.     Denied

15.     Admitted, in conjunction with Plaintiff's own other information.

16.     Admitted on information and belief that Defendant Mehra picked up Plaintiff from the airport and drove her to Defendant Mehra's residence.  Defendant Nandwani is without information to admit or deny that Defendant Mehra's mother was present when picking up Plaintiff from the airport in November 2003.  Otherwise denied.

17.     Admitted that during Plaintiff's employment by Defendant Nandwani her duties included preparing meals for Defendant Nandwani's family and guests, cleaning the family's home, and washing the family's dishes and clothes. Admitted that Plaintiff helped with parties or events.  Denied that such events were 1 to 2 times per month.  Otherwise denied.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Admitted that Plaintiff traveled to India and Nepal periodically during the relevant time frame to renew or apply for her visa.  Otherwise denied.

22.     Admitted that Defendant Mehra set up a bank account for Plaintiff and that Defendant Nandwani deposited pay into that account.  Admitted that from time to time Defendant Mehra would access that account for Plaintiff with Plaintiff's authorization to conduct transactions for Plaintiff, who had very limited ability to read and write.  Otherwise denied.

23.     Admitted that Plaintiff was paid by Defendants and that Defendants sent Plaintiff's funds to India and Nepal at Plaintiff's request from time to time.  Otherwise denied.

24.     Admitted that Defendant Nandwani sponsored Plaintiff's application for legal permanent residency.  Otherwise denied.

25.     Denied.

26.     Admitted that at certain times a member of Defendant Nandwani's family employed Plaintiff's sister in India.  Denied that any such fear by Plaintiff was reasonable or grounded in fact.  Otherwise denied.

27.     Denied that any such fear by Plaintiff was reasonable or grounded in fact. Otherwise denied.

28.     Denied.

29.     Denied.

30.     Plaintiff did voluntarily agree to repay the cost of the Permanent Resident Card. Otherwise denied.

31.     Admitted on information and belief that Defendant Mehra took Plaintiff to a doctor.  Otherwise denied.

32.     Admitted that in 2012 Plaintiff returned to Nepal.  On information and belief while there Plaintiff tended her sick father and underwent gall bladder surgery.  Otherwise denied.

33.     Admitted that Plaintiff began work in 2013 for Defendant Nandwani pursuant to a Permanent Resident work authorization.  Otherwise denied.

34.     Admitted that Plaintiff's Permanent Resident Card was sent to Defendant Nandwani, pursuant to law, several months after Plaintiff's return to the United States pursuant to her Permanent Resident work authorization.  Admitted that the Permanent Resident Card was stored in Defendant Nandwani's bedroom.  Otherwise denied.

35.     Denied.

36.    Admitted that Defendant Nandwani provided Plaintiff with a cell phone. Defendant Nandwani is without information to otherwise admit or deny the allegations of this paragraph, therefore denied.

37.    Defendant Nandwani is without information to admit or deny the allegations of this paragraph, therefore denied.

38.    Denied that Plaintiff had never been told the address where she resided. Otherwise, Defendant Nandwani is without information to admit or deny the allegations of this paragraph, therefore denied.

39.    The first two sentences are admitted on information and belief. Admitted on information and belief that Plaintiff joined the individuals outside and was transported away. Defendant Nandwani is without information to admit or deny any allegations as to Plaintiff's activities after leaving Defendant Mehra's residence on April 26, 2014, therefore denied. Otherwise denied.

40.    Admitted that during Plaintiff's employment by Defendant Nandwani, Defendant Nandwani was the "employer" of Plaintiff for purposes of the FLSA. Otherwise denied.

41.    Denied.

42.    Denied.

43.    Denied.

44.    Denied.

45.    Denied.

46.    Denied.

47.    This Paragraph sets forth a statement of law which does not require a response. To the extent required, denied.

**Trafficking of Domestic Workers**

48.     This Paragraph sets forth allegations not directed to Defendant Nandwani or the actions in this matter.  Defendant Mehra is without information to admit or deny allegations regarding common actions of human traffickers, therefore denied.

49.     This Paragraph sets forth allegations not directed to Defendant Nandwani or the actions in this matter.  Defendant Mehra is without information to admit or deny allegations regarding common actions of human traffickers, therefore denied.

50.     This Paragraph sets forth allegations not directed to Defendant Nandwani or the actions in this matter.  Defendant Mehra is without information to admit or deny allegations regarding common actions of human traffickers, therefore denied.

51.     This Paragraph sets forth allegations not directed to Defendant Nandwani or the actions in this matter.  Defendant Mehra is without information to admit or deny allegations regarding common actions of human traffickers, therefore denied.

52.     This Paragraph sets forth allegations not directed to Defendant Nandwani or the actions in this matter.  Defendant Mehra is without information to admit or deny allegations regarding common actions of human traffickers, therefore denied.

53.     This Paragraph sets forth allegations not directed to Defendant Nandwani or the actions in this matter.  Defendant Mehra is without information to admit or deny allegations regarding common actions of human traffickers, therefore denied.

## COUNT I

54.     The preceding answers are incorporated herein as to the allegations previously made.

6

55.     This Paragraph sets forth a statement of law to which no response is required.

Denied that TVPRA applies to the facts of this matter.

56.     This Paragraph sets forth a statement of law to which no response is required.

Denied that TVPRA applies to the facts of this matter.

57.     This Paragraph sets forth a statement of law to which no response is required.

Denied that TVPRA applies to the facts of this matter.

58.     This Paragraph sets forth a statement of law to which no response is required.

Denied that TVPRA applies to the facts of this matter.

59.     Denied.

60.     Denied.

## COUNT II

61.     The preceding answers are incorporated herein as to the allegations previously

made.

62.     This Paragraph sets forth a statement of law to which no response is required.

Admitted that during Plaintiff's employment by Defendant Nandwani, Defendant Nandwani was

the "employer" who "employed" "employee" Plaintiff for purposes of the FLSA.

63.     Denied.

## COUNT III

64.     The preceding answers are incorporated herein as to the allegations previously

made.

65.     Admitted as to the one previously identified Contract to which Defendant

Nandwani was a signing party.

66.     For such contract, admitted as to that contract only.

67.     For such contract, admitted as to that contract only.

68.     Admitted that Plaintiff performed under such contract.  Otherwise denied.

69.     For such contract, denied as to that contract.

70.     Denied.

71.     Denied.

## GROUNDS OF DEFENSE

72.     Plaintiff has failed to state a claim upon which relief can be granted.

73.     Plaintiff's claims are barred in whole or in part by the respective statutes of limitations.

74.     Plaintiff failed to mitigate her damages.

75.     Plaintiff has improperly joined discrete claims against separate defendants.

76.     Plaintiff's damages resulted from a pre-existing condition or a subsequent condition unrelated to Defendant's conduct.

77.     Plaintiff consented to Defendant's conduct.

78.     Plaintiff waived performance.

79.     Defendant acted in good faith toward Plaintiff.

80.     Defendant is entitled to a setoff and credits for monetary and nonmonetary payments and benefits.

81.     Plaintiff's claims include noncompensible preliminary, postliminary, and de minimis time.

82.     Defendant lacked constructive or actual knowledge of hours worked.

83.     Plaintiff's actions prevented Defendant from obtaining constructive or actual knowledge of Plaintiff's hours worked.

**Relief Requested**

WHEREFORE, Defendant Nandwani respectfully requests this Court dismiss Plaintiff's claims

and grant Defendant Nandwani the costs hereof.

Respectfully submitted,
Vandana Nandwani
By Counsel

_____/s/_____
Christopher M. Day
Virginia State Bar No. 39490
*Attorney for Kalpana Mehra and Vandana Nandwani*
Juris Day, PLLC
10521 Judicial Drive, Suite 200
Fairfax, Virginia 22030
Phone: 703.268.5600
Facsimile: 703.268.5602
cmday@jurisday.com

Jonathan A. Nelson
Virginia State Bar No. 75247
*Attorney for Kalpana Mehra and Vandana Nandwani*
Juris Day, PLLC
10521 Judicial Drive, Suite 200
Fairfax, Virginia 22030
Phone: 703.268.5600
Facsimile: 703.268.5602
jnelson@jurisday.com

**Certificate of Service**

I hereby certify that on this 24th day of October, 2017, I will electronically file the foregoing
with the Clerk of Court using the Court's CM/ECF system, which will then send a notification of
such filing (NEF) to the following:

Maryam Hatcher (VSB No. 84252)
*Attorney for Karmo Tamang*
Beveridge & Diamond, P.C.
1350 I Street N.W., Suite 700
Washington, D.C. 20005
Telephone: (202) 789-6064

Facsimile: (202) 789-6190
mhatcher@bdlaw.com

Christine Dinan, VSB # 84556
Matthew K. Handley, Esq., Pro Hac Vice
*Attorneys for Karmo Tamang*
Washington Lawyers' Committee for
Civil Rights and Urban Affairs
11 Dupont Circle N.W., Suite 400
Washington, DC 20036
Christine_dinan@washlaw.org

            _____/s/_____
Christopher M. Day
Virginia State Bar No. 39490
*Attorney for Kalpana Mehra and Vandana*
*Nandwani*
Juris Day, PLLC
10521 Judicial Drive, Suite 200
Fairfax, Virginia 22030
Phone: 703.268.5600
Facsimile: 703.268.5602
cmday@jurisday.com

Jonathan A. Nelson
Virginia State Bar No. 75247
*Attorney for Kalpana Mehra and Vandana*
*Nandwani*
Juris Day, PLLC
10521 Judicial Drive, Suite 200
Fairfax, Virginia 22030
Phone: 703.268.5600
Facsimile: 703.268.5602
jnelson@jurisday.com