1

                    UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF VIRGINIA
                         ALEXANDRIA DIVISION

    KARMO TAMANG,                    .   Civil Action No. 1:17cv370
                                     .
              Plaintiff,             .
                                     .
         vs.                         .   Alexandria, Virginia
                                     .   August 25, 2017
    KALPANA MEHRA, et al.,           .   10:16 a.m.
                                     .
              Defendants.            .
                                     .
    .  .  .  .  .  .  .  .  .  .  .

                     TRANSCRIPT OF MOTION HEARING
                BEFORE THE HONORABLE LEONIE M. BRINKEMA
                     UNITED STATES DISTRICT JUDGE

    APPEARANCES:

    FOR THE PLAINTIFF:             MARYAM HATCHER, ESQ.
                                   Beveridge & Diamond, P.C.
                                   1350 I Street, N.W., Suite 700
                                   Washington, D.C. 20005-3311
                                     and
                                   MATTHEW K. HANDLEY, ESQ.
                                   Washington Lawyers' Committee
                                   11 Dupont Circle, N.W.
                                   Suite 400
                                   Washington, D.C. 20036


    FOR THE DEFENDANTS:            JONATHAN A. NELSON, ESQ.
                                   Day & Johns PLLC
                                   10560 Main Street, Suite 218
                                   Fairfax, VA 22030


    OFFICIAL COURT REPORTER:       ANNELIESE J. THOMSON, RDR, CRR
                                   U.S. District Court, Fifth Floor
                                   401 Courthouse Square
                                   Alexandria, VA 22314
                                   (703)299-8595


                           (Pages 1 - 5)

            COMPUTERIZED TRANSCRIPTION OF STENOGRAPHIC NOTES

2

1        P R O C E E D I N G S
2            THE CLERK:  Civil Action 17-370, Karmo Tamang v.
3  Kalpana Mehra, et al.  Would counsel please note their
4  appearances for the record.
5            THE COURT:  All right, counsel, your appearances,
6  please.
7            MR. NELSON:  Good morning, Your Honor.  Jonathan
8  Nelson for the defendants.
9            THE COURT:  All right.  And for the plaintiff?
10           MS. HATCHER:  Good morning, Your Honor.  My name is
11 Maryam Hatcher, Beveridge & Diamond, for the plaintiff.  My
12 cocounsel, Matthew Handley, with Washington Lawyers' Committee
13 on Civil Rights, is here.
14           THE COURT:  Good morning.
15           MR. HANDLEY:  Good morning, Your Honor.
16           THE COURT:  All right, we have before us the
17 defendants' motion to dismiss, which we've had a chance to
18 thoroughly read a significant portion of the motion, which is
19 addressed to the issue of statute of limitations.
20           I'm going to move this rather quickly, Mr. Nelson.  I
21 am finding under the facts of this case and the law that
22 applies that equitable tolling would be appropriate in this
23 case.  The Fourth Circuit has clearly ruled in cases very
24 similar to this one that equitable tolling is appropriate.  So
25 I'm going to deny your motion to dismiss to the extent it's

1   based on the concept of statute of limitations problems.

2              In terms of any 12(b)(6) issues, I'm satisfied as
3   well that the plaintiff's complaint adequately addresses the
4   necessary elements of all three causes of action, and there are
5   sufficient facts alleged, again, always reading generously in
6   favor of a plaintiff's complaint, that they have established a
7   plausible success in all three claims.  So your motion to
8   dismiss is denied.

9              Now, I could have done that on the papers, but as --
10  it is my practice always in civil cases, certainly early in
11  their life, to make sure that I've seen the attorneys in court
12  and strongly recommended, in a case like this in particular,
13  that there be some genuine creative effort to see if it can be
14  resolved sooner than later.

15             Mr. Nelson, in your case, as you know, there's a
16  certain negative aura about this type of case.  If the
17  plaintiff prevails, attorneys' fees are likely a possibility,
18  and they can sometimes dwarf recoveries, and so that's
19  extremely important for you to thoroughly discuss, you know,
20  with your clients.

21             From the plaintiff's standpoint, again, the wear and
22  tear on your client, the fact that she had those multiple trips
23  back to Nepal or India that may down the road be a significant
24  issue as to exactly how much compulsion was actually in place,
25  are factors that I think you-all also need to take into

4

1  consideration.  Also, in Fair Labor Standards Act cases, it's
2  often difficult for juries to sort through the actual hours,
3  and many times, there will be a compromise on those numbers.
4           Also, there would be setoffs for the cost of those
5  airplane tickets back to Nepal.  I mean, there, I would think,
6  would be some expenses which the defendant can show would be in
7  lieu of salary or compensation to the plaintiff.
8           So having said all that, I want to let you know that
9  Judge Nachmanoff is the magistrate judge assigned to this case.
10 He's a very experienced and excellent mediator.  If you haven't
11 already tried to settle this case, I would strongly recommend
12 you think about it.  You also can certainly, you know, avail
13 yourselves of any private mediators who are out in the area as
14 well, but that's my ruling on this case.
15          Now, we have issued a scheduling order, so your
16 discovery time period is ticking away.  I assume there have
17 been no major discovery problems in this case?
18          MR. NELSON:  Not to this point, Your Honor.
19          THE COURT:  All right.  Well, hopefully there won't
20 be any because again, that increases the costs of litigation.
21 But that's my ruling, so thank you.
22          MR. HANDLEY:  Thank you.
23          MS. HATCHER:  Thank you, Your Honor.
24          MR. NELSON:  Thank you, Your Honor.
25

5

1         (Which were all the proceedings
2              had at this time.)
3
4           CERTIFICATE OF THE REPORTER
5    I certify that the foregoing is a correct transcript of
6  the record of proceedings in the above-entitled matter.
7
8
9                                    /s/
                                Anneliese J. Thomson
10